INDUSTRIAL FASTENERS GROUP, American Importers Association, Plaintiff,

v.

The UNITED STATES, Hon. Philip M. Klutznick, Secretary of Commerce, Hon. Robert E. Herzstein, Under Secretary of Commerce for International Trade, Hon. Robert E. Chasen, Commissioner of Customs, Washington, D. C., Defendants.

C.R.D. 80–8; Court No. 80–7–01157.

United States Customs Court.

Aug. 20, 1980.

Barnes, Richardson & Colburn, New York City (Andrew P. Vance, New York City, of counsel), for plaintiff.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Atty. in Charge, Field Office for Customs Litigation, and John J. Mahon, Trial Atty., New York City, for defendant.

## MEMORANDUM ON PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION: COUNTERVAILING DUTIES ON INDUSTRIAL FASTENERS FROM INDIA

NEWMAN, Judge:

In a matter of novel impression, this Court has issued for the first time a temporary restraining order ("TRO") and preliminary injunction. These extraordinary remedies are now available by reason of significant changes made by the Trade Agreements Act of 1979 (Pub.L. 96–39, 93 Stat. 144, enacted July 26, 1979) in procedures for judicial review of administrative determinations in countervailing and antidumping cases. The main purpose of this memorandum is to call these injunctive orders of first impression and but one aspect of the expanded jurisdiction of the Court to the attention of the international trade community.

Briefly, the facts and circumstances surrounding the issuance of the TRO and injunction are: In this action, plaintiff seeks review of the final countervailing duty determination and order of the International Trade Administration, United States Department of Commerce, respecting certain industrial fasteners from India, published in the Federal Register on July 21, 1980 (45 FR 48607 *et seq.*). On April 30, 1980, pursuant to a preliminary countervailing duty determination (45 FR 28786 *et seq.*), the liquidations of certain entries of industrial fasteners from India were suspended. Following the final countervailing duty determination and order contested in this action, Customs issued orders on (or before) July 25, 1980 to commence liquidation of all entries which had been suspended on or after April 30, 1980 in accordance with the preliminary countervailing duty determination. In this context, plaintiff was faced with a critical problem—indeed, an emergency situation on the eve of the impending liquidations ordered by Customs. It is questionable whether, apart from obtaining a judicial review of the Commerce Department's underlying final countervailing duty determination, importers would be entitled to file administrative protests against individual liquidations by Customs, and to contest any denied protests in this Court. However, section 516A(c)(2) of the Tariff Act of 1930, as added by Pub.L. 96–39, *supra*, provides that the Customs Court may enjoin the liquidation of entries of merchandise covered by a determination of the Administering Authority (the International Trade Administration) upon a request by an interested party for such relief and upon a proper

showing that the requested relief should be granted under the circumstances. Additionally, Rule 19.1(b) of the Rules of the Customs Court provides for the issuance of a TRO under certain conditions.

 In the present case, plaintiff has filed a summons, a verified complaint, and applications for a TRO and an injunction. In connection with plaintiff's applications, conferences were called by the Court on July 28, 1980, and August 5, 1980; and a hearing was directed for August 7, 1980, at which oral argument was presented. Andrew P. Vance, Esq. represented the plaintiff association and Joseph I. Liebman, Attorney in Charge, Field Office for Customs Litigation, and John J. Mahon, trial attorney, Esqs. appeared on behalf of defendant. Also present at the first conference was Daniel A. Pinkus, Assistant Chief Counsel for Customs Court Litigation, United States Customs Service. Counsel for plaintiff adequately demonstrated that if protests against individual liquidations are not possible, enjoining liquidation of the entries was required to maintain the status quo and preserve the importers' right to judicial review, since without an injunction many entries would be liquidated prior to the time the Courts could enter a final decision on the merits of the dispute. Any such liquidations would preclude plaintiff from obtaining the full benefit of a favorable ruling on Commerce's final countervailing duty determination. Under the circumstances herein, the relief requested by plaintiff is appropriate; and furthermore, defendants have stated in open Court that they do not object to the proposed order granting an injunction. Hence, this memorandum includes the TRO that was entered on July 28, 1980 (effective until August 7, 1980), and a subsequent order granting an injunction entered on August 7, 1980 (effective during the pendency of this litigation in the Customs Court and its Appellate tribunals).

This Court emphasized at the hearing that it had no intention to impinge upon the jurisdiction of the Court of Customs and Patent Appeals. But plainly—and counsel for plaintiff conceded—if plaintiff were successful on the merits, and most certainly if plaintiff were not successful on the merits, plaintiff faced a perilous interval in the period after judgment rendered by the Customs Court and the taking of an appeal to the Appellate tribunal and that Court's action relative to a stay.

Parenthetically, Peter Buckfeller, Esq., attorney for the petitioner before the Department of Commerce (who has not yet intervened in this case as an interested party) was orally notified by this Court of plaintiff's applications and of the hearing on August 7, 1980.

## TEMPORARY RESTRAINING ORDER

Upon reading and filing plaintiff's Application for Temporary Restraining Order, the affidavit of counsel in support of issuance of the Temporary Restraining Order, the verified complaint and motion for preliminary injunction and memorandum in support thereof, and upon all other papers and proceedings had herein, including a hearing attended by counsel for the named parties, it clearly appearing

(1) That immediate and irreparable injury, loss, or damage may result to the applicant before all possible interested parties or their attorney(s) can be heard in opposition to this application;

(2) That the injury suffered by the assessment of countervailing duties in accordance with a Final Countervailing Duty Determination and Order (July 21, 1980, 45 Fed.Reg. 48607), in an amount equal to 18% of the f. o. b. for each particular entry, on all entries suspended pursuant to a Preliminary Countervailing Duty Determination (April 30, 1980, 45 Fed.Reg. 28786) on industrial fasteners from India may be irreparable because such countervailing duty assessment may not be susceptible to administrative protest and would be irrecoverable even if the determination by the International Trade Administration, Department of Commerce is held to be invalid by this Court;

(3) That orders to liquidate suspended entries were issued by Friday, July 25, 1980, allowing liquidations of the entries in question to begin immediately, potentially causing the aforementioned irreparable harm;

(4) That importers, including members of the plaintiff trade association, may have no means of contesting the legitimacy of the countervailing duty assessments upon the liquidation of the subject entries; and

(5) That restraint of such liquidations *will* preserve the *status quo* until there is an opportunity to hold a hearing on the application for a preliminary injunction concurrently filed, and that such restraint will cause no harm to adverse parties, it is hereby

ORDERED that the defendants herein, together with their delegates and all other officers, agents, servants, and employees of the United States Customs Service shall be and they hereby are restrained from the liquidation of any and all entries or withdrawals from warehouse for consumption of certain industrial fasteners from India, which are subject to the Final Countervailing Duty Determination and Countervailing Duty Order issued by the Commerce Department and published in the Federal Register on July 21, 1980 (45 Fed.Reg. 48607), until August 7, 1980, at time of hearing before the Court, and it is

FURTHER ORDERED that defendants respond to plaintiff's motion for preliminary injunction by personal service on plaintiff's counsel on or before August 6th, 1980 at 12 noon, and it is

FURTHER ORDERED that plaintiff's motion for preliminary injunction is set down for hearing before this Court at 10 A.M., on August 7, 1980, and it is

FURTHER ORDERED that this order shall expire ten (10) days from the date of entry of same unless extended for good cause shown.

## ORDER

Upon reading and filing plaintiff's motion for preliminary injunction, its memorandum of points and authorities in support of motion for preliminary injunction, and the verified complaint; and upon defendants' oral representation to this Court that they do not object to an order enjoining the liquidation of entries of certain industrial fasteners from India, covered by the Countervailing Duty Determination and Countervailing Duty Order published by the Department of Commerce on July 21, 1980 (45 Fed.Reg. 48607), during the pendency of this litigation; and it appearing to the Court that preliminary injunctive relief is appropriate under the circumstances of this case;

And after hearing oral argument by Andrew P. Vance, Esq., on behalf of plaintiff, and by John J. Mahon, Esq., on behalf of defendants, it is hereby

ORDERED that the defendants herein, together with their delegates and all other officers, agents, servants, and employees of the United States Customs Service shall be and they hereby are enjoined, during the pendency of this litigation in this Court and its appellate tribunals, from the liquidation of any and all entries or withdrawals from warehouse for consumption of certain industrial fasteners from India, which are subject to the Final Countervailing Duty Determination and Countervailing Duty Order issued by the Commerce Department and published in the Federal Register on July 21, 1980 (45 Fed.Reg. 48607).