ROYAL BUSINESS MACHINES, INC., PLAINTIFF *v.* UNITED STATES PHILIP M. KLUTZNICK, SECRETARY OF COMMERCE; ROBERT E. HERZSTEIN, UNDER SECRETARY OF COMMERCE FOR INTERNATIONAL TRADE, DEPARTMENT OF COMMERCE; ROBERT E. CHASEN, COMMISSIONER OF CUSTOMS AND, JOHN E. BRADY, DISTRICT DIRECTOR OF CUSTOMS, LOS ANGELES, CALIF., DEFENDANTS

Court No. 80-11-00056

(Dated November 20, 1980)

*Rode & Qualey,* Esqs. (*Michael S. O'Rourke* and *Patrick D. Gill,* Esqs., of counsel) for the plaintiff.

*Alice Daniel,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis,* Assistant Branch Director, Esqs., for the defendants.

NEWMAN, Judge: Plaintiff has applied for a temporary restraining order (TRO) and injunctive relief pursuant to Rule 65 of the Court, and for a writ of mandamus.[1] This memorandum is addressed solely to plaintiff's application for a TRO, which for the reasons indicated herein is granted.

Plaintiff seeks the TRO in the instant action directing the defendants to abstain from modifying, or in any way altering, the antidumping duty order issued by the Department of Commerce (Commerce) and published in the Federal Register on May 9, 1980 (45 F.R. 30618-19); and also directing the defendants to suspend or withhold liquidation of all customs entries covering the Royal Administrator, a typewriter manufactured in Japan by Silver-Seiko, Ltd., and imported by plaintiff.

Briefly, the factual basis of the present dispute, as disclosed by the verified complaint and an affidavit of plaintiff's counsel, which for

---

[1] Filed at 1 p.m. of Nov. 18, 1980, and oral argument commenced in chambers at 3:30 p.m. of that day.

present purposes we will accept in their most favorable light, follows: On May 9, 1980, an antidumping duty order issued by Commerce was published in the Federal Register (45 F.R. 30618–19). The order announced that Commerce had determined that portable electric typewriters from Japan were being sold at less than fair value and that such sales were materially injuring an industry in the United States within the meaning of the antidumping law; and further described the class or kind of merchandise covered by the antidumping duty order as portable electric typewriters as provided for in item 676.0510, Tariff Schedules of the United States Annotated. Subsequently, on August 7, 1980, the U.S. Customs Service issued a ruling holding that plaintiff's Royal Administrator is not classifiable under item 676.0510, but rather is properly classifiable under item 676.0540, TSUSA, and hence the Royal Administrator is not within the scope of Commerce's antidumping duty order.

Plaintiff further avers, on information and belief, specifically as a result of several conferences with named officials of Commerce, that Commerce intends to modify or alter the antidumping duty order published on May 9, 1980, so as to include the Royal Administrator. Plaintiff fears that any such modification or alteration of the antidumping duty order published on May 9, 1980, would result in irreparable harm in that plaintiff will be deprived of its right of judicia review under section 516A (19 U.S.C. 1516a).

Rule 65(b) of this court provides that a TRO may be granted where it clearly appears "that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition". Plainly, irreparable harm will occur to plaintiff if the antidumping duty order of May 9, 1980, s modified or altered to include plaintiff's Royal Administrator typewriter; if Commerce's action is not subject to judicial review; and if plaintiff will be deprived of its right to contest antidumping duty assessments when the liquidation of entries currently held by Customs are liquidated. *Cf. Industrial Fasteners Group, American Importers Association* v. *United States, et al.*, 85 Cust. Ct. 108, C.R.D. 80–8, 495 F. Supp. 911 (1980).

During the conference, oral argument was held, and counsel for defendants did not dispute plaintiff's contention that a modification of the antidumping duty order would deprive plaintiff of its right of judicial review under section 516A. However, defendants' counsel vigorously opposed the granting of a TRO. The main thrust of Ms. Melnbrencis' argument was that she had received assurances from Commerce that no modification of the May 9, 1980 antidumping duty order would be published "until the parties have had an opportunity to brief the matter, and the court has had an opportunity to hear

whatever oral argument there is" (Tr. oral arg. 13). In essence, defendant's position is that since Commerce is willing to voluntarily withhold any action with regard to any modification or alteration of the final antidumping duty order which was published by Commerce in the Federal Register on May 9, 1980, until the court has considered the issues, a TRO would be unnecessary and improper.

I am unable to agree with defendant's argument. Commerce's present intention to voluntarily withhold publication of any order modifying or altering the antidumping duty order published on May 9, 1980, assuredly cannot accord plaintiff the protection intended to be conferred by the issuance of a TRO under rule 65(b). Indeed, whi'e I have no quarrel with counsel for defendants personal representation that she has been assured by Commerce (viz, David Amerine, Esq., Office of General Counsel) that Commerce will voluntarily refrain from publishing any modification of the final antidumping duty order, the blunt fact is that the Government official involved may revise his view, or be superseded in some fashion, or leave Government employ, or any of several other potential contingencies that can develop. Accordingly, under all the facts and circumstances, plaintiff's application for a TRO is granted, which TRO will preserve the status quo. Inasmuch as Commerce does not presently intend to modify its antidumping order of May 9, 1980, no security shall be required at this time.

At the conference of November 18, 1980, the court allowed defendants' request to file opposing papers by November 25, 1980, respecting the TRO or on any other subject, and to file an opposing memorandum concerning plaintiff's application for temporary injunction and writ of mandamus by December 10, 1980. Plaintiff was granted 10 days in which to reply to defendant's memorandum.

(Order follows)

ROYAL BUSINESS MACHINES, INC., PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS

*Temporary Restraining Order*

Court No. 80–11–00056

(Dated November 20, 1980)

NEWMAN, Judge. Upon reading and filing plaintiff's application for temporary restraining order, the affidavit of counsel in support of issuance of the temporary restraining order, the summons, verified complaint, motion for preliminary injunction and writ of mandamus, and memorandum in support thereof, and upon all other papers and proceedings had herein, including the hearing on November 18, 1980, attended by counsel for the named parties, it clearly appearing:

(1) That immediate and irreparable injury, loss, or damage will result to the applicant before all possible interested parties or their attorney(s) can be heard in opposition to this Application; and

(2) That the injury suffered by plaintiff as the result of a modification or alteration by the Department of Commerce of its antidumping duty order dated May 9, 1980 (45 F.R. 30618–19), will be irreparable because such modification or alteration, if it is allowed to occur, will deprive plaintiff of any effective judicial review of the Department of Commerce's action; and

(3) That further injury will be suffered by the assessment of anti-dumping duties in accordance with the final antidumping duty order, supra, by the U.S. Customs Service in the act of liquidation of affected entries, and that such action may not be susceptible to the administrative protest and would be irrecoverable even if the determination by the International Trade Administration, Department of Commerce is held to be invalid by this Court; and

(4) That plaintiff will have no means of contesting the legitimacy of the modification or alteration of the antidumping duty order and, subsequently, will lack the ability to contest the legitimacy of anti-dumping duty assessments when the liquidation of the entries currently held by the U.S. Customs Service are liquidated; and

(5) That restraint of such modification or alteration of the anti-dumping duty order will preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and writ of mandamus and currently filed, and that such restraint will cause no harm to adverse parties, it is hereby

ORDERED that the defendants herein, together with their delegates and all other officers, agents, servants, and employees of the U.S. Department of Commerce shall be and they are restrained from the modification or alteration of the final antidumping duty order issued by the Department of Commerce and published in the Federal Register on May 9, 1980 (45 F.R. 30618–19), and it is

FURTHER ORDERED that the defendants herein together with their delegates and all other officers, agents, servants, and employees of the U.S. Customs Service shall be and they are restrained from the liquidation of any and all entries or withdrawals from warehouse for consumption of the Royal Administrator typewriter manufactured in Japan, and it is

FURTHER ORDERED that defendant may file opposing papers by November 25, 1980, respecting this order or on any other subject and file an opposing memorandum concerning plaintiff's application for a temporary injunction and writ of mandamus by December 10, 1980. Plaintiff may reply to defendants' memorandum within 10 days of its service.

28

Further Ordered that plaintiff's motion for preliminary injunction is set down for hearing before this court on December 30, 1980, at 10:30 a.m., and it is

Further Ordered that this order shall expire 10 days from the date of entry of the same unless extended for good cause shown.