Slip Op. 04-66

## UNITED STATE COURT OF INTERNATIONAL TRADE
### BEFORE: GREGORY W. CARMAN

| | |
|---|---|
| **PAM, S.p.A.**<br><br>**and**<br><br>**JCM, Ltd.,**<br><br>                         **Plaintiffs,**<br><br>       **v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                       **Defendant,**<br><br>**and**<br><br>**A. ZEREGA'S AND SONS, DAKOTA GROWERS PASTA COMPANY, NEW WORLD PASTA COMPANY, & AMERICAN ITALIAN PASTA COMPANY**<br><br>                       **Defendant-**<br>                       **Intervenors.** | **Court No. 04-00082** |

[Defendant's Motion for Partial Reconsideration of the Court's Order of March 15, 2004, is denied. After consideration of the Joint Stipulation of Facts and Defendant's Memorandum in Support of its Motion, this Court reaffirms its Order of March 15, 2004, enjoining the Government from liquidating certain entries until there is a final decision in the action pursuant to 19 U.S.C. § 1516a(e) (2000).]

*Law Offices of David L. Simon* (*David L. Simon*), Washington, D.C., for Plaintiffs.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanne M. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Ada E. Bosque*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for Defendant.

*Collier Shannon Scott, P.L.L.C.* (*David C. Smith, Jr.*), Washington, D.C., for Defendant-Intervenors.

Dated: June 10, 2004

**OPINION**

Based on the materials presented to the Court, this Court denies Defendant's Motion for Partial Reconsideration of the Court's Order issued on March 15, 2004, and presents the following facts and conclusions of law in support of this Court's order, which granted the preliminary injunction and enjoined liquidation until there was a final decision in the action. In issuing the preliminary injunction, this Court appropriately applied the binding precedents of the Court of Appeals for the Federal Circuit that have held that a final court decision in the action under 19 U.S.C. § 1516a(e), does not occur until appeals are exhausted and the time for petitioning for a writ of certiorari has expired.

**BACKGROUND**

On March 11, 2004, Plaintiffs filed a Motion for Preliminary Injunction pursuant to 19 U.S.C. § 1516a(c)(2). (Mot. of PAM, S.p.A. and JCM, Ltd. for Prelim. Inj. to Enjoin Liquidation of Entries ("Pl.'s Mot. for Prelim. Inj.") at 1, 4-5.) Plaintiffs' motion was made on consent. (*Id.* at 2 ("Pursuant to [USCIT] Rule 7, [Plaintiffs'] counsel has consulted with other persons with a direct interest in this litigation and has gained their consent as follows: counsel for petitioners, David Smith, Esq., of Collier Shannon Scott, PLLC, consented to plaintiffs' motion to enjoin liquidation after consultation on March 3, 2004, and counsel for Defendant United States of America, Ada E. Bosque, Esq., of the Department of Justice, consented to plaintiffs' motion to enjoin liquidation after consultation on March 10, 2004.").) Plaintiffs submitted a proposed

order with their motion which stated that the Government would be enjoined from liquidating the subject entries "during the pendency of this litigation in the United States Court of International Trade." (*See* Attach. to Pls.' Mot. for Prelim. Inj. at 1.) Although Plaintiffs' motion stated that it was made on consent, the motion did not indicate that the consent was premised or conditioned upon the exact language in the proposed order. This Court granted Plaintiffs' Motion for a Preliminary Injunction on March 15, 2004. *PAM, S.p.A. v. United States*, No. 04-00082 (Ct. Int'l Trade March 15, 2004) (order granting preliminary injunction) ("Preliminary Injunction Order"). However, this Court did not sign the proposed order that was submitted with Plaintiffs' Motion for a Preliminary Injunction. Rather, this Court drafted and signed an order granting the preliminary injunction which states that the Government is "enjoined during the pendency of this litigation" from liquidation the subject entries, and orders "that the entries subject to this injunction shall be liquidated in accordance with the final decision in the action as provided in 19 U.S.C. § 1516a(e). Accordingly, liquidation shall remain suspended under this injunction during the pendency of this litigation." (Prelim. Inj. Order at 1-3.)

On March 29, 2004, pursuant to USCIT Rule 59, Defendant filed a Motion for Partial Reconsideration of this Court's Preliminary Injunction Order. (Mot. for Partial Reconsideration of the Court's Order of March 15, 2004 ("Def.'s Motion") at 1.) Defendant's motion notes that Plaintiffs' counsel "indicated [Plaintiffs'] opposition to this motion." (*Id*. at 2.) Defendant requests that this Court vacate the Preliminary Injunction Order and enter the proposed order that was submitted with Plaintiffs' motion, because Defendant contends that the Preliminary Injunction Order violates the statutory scheme. (Def.'s Mem. in Support of its Mot. for Reconsideration of the Court's Prelim. Inj. ("Def.'s Br.") at 2.)

This Court contacted the parties to schedule a hearing regarding Defendant's Motion for Partial Reconsideration. In lieu of a hearing, the parties requested that the Court accept "factual information and argument as to whether the preliminary injunction should issue" by written submission. (Letter from Counsel for Plaintiffs, David. L. Simon, to the Court of 04/20/04). The parties submitted a Joint Stipulation of Facts on April 30, 2004. In that stipulation, the parties agree that "Defendant conditioned its consent [to Plaintiffs' Motion for a Preliminary Injunction] upon incorporation of its comments to the proposed preliminary injunction, including language expressly providing for liquidation to be enjoined only 'during the pendency of this litigation in the Court of International Trade.'" (Stip. ¶ 3.) The parties note that this Court "add[ed] language [in the Preliminary Injunction Order] which this Court has interpreted to extend the preliminary injunction through any appeal." (*Id.* ¶ 4.)

## DISCUSSION

"A final decision of the Court of International Trade in a . . . decision granting or refusing a preliminary injunction shall be supported by – (1) a statement of findings of fact and conclusions of law; or (2) an opinion stating the facts upon which the decision is based." 28 U.S.C. § 2645(a) (2000). In most countervailing and antidumping duty cases, it is the general practice before this Court that motions for preliminary injunctions come before the court on consent of the parties. In granting such motions, the Court usually cites the parties' consent to the motion as the "facts upon which the decision" to grant the injunction is based. *See id.* Here, Defendant withdrew its consent to Plaintiffs' Motion for a Preliminary Injunction when it filed its Motion for Partial Reconsideration. (*See* Def.'s Motion at 2; Stip. ¶ 3.) Thus, in accordance with 28 U.S.C. § 2645(a), this Court issues this opinion stating the facts and conclusions of law

upon which the Preliminary Injunction Order issued on March 15, 2004, was granted.

Under 19 U.S.C. § 1516a(c)(2), the Court of International Trade is specifically granted the authority to "enjoin the liquidation of some or all entries of merchandise covered" by a challenged antidumping or countervailing duty determination. 19 U.S.C. § 1516a(c)(2). The liquidation of entries that have been enjoined by the Court of International Trade pursuant to § 1516a(c)(2) is governed by § 1516a(e) which specifically states that "[i]f the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade <u>or</u> of the United States Court of Appeal for the Federal Circuit . . . entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with the <u>final court decision in the action</u>." 19 U.S.C. § 1516a(e)(2) (emphasis added).

The requirements for granting a preliminary injunction are 1) the threat of irreparable harm; 2) the likelihood of success on the merits; 3) facts indicating that the public interest is better served by issuing the injunction; and 4) facts indicating that the balance of the hardships favors the issuance of the preliminary injunction. *Fuyao Glass Indus. Group Co., Ltd. v. United States*, No. 02-00282, 2003 Ct. Int'l Trade LEXIS 115, at *7 (Ct. Int'l Trade Sept. 2, 2003) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)); *see also FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). "The court, in its analysis of these factors, employs a 'sliding scale' and, consequently, need not assign to each factor equal weight." *Fuyao Glass*, Ct. Int'l Trade LEXIS 115, at *7 (quoting *Corus Group PLC v. Bush*, 217 F. Supp. 2d 1347, 1353-54 (Ct. Int'l Trade 2002)). The "crucial element" in granting a preliminary injunction "is that of irreparable injury." *Id.* at *8 (citing *Corus*, 217 F. Supp. 2d at 1354).

## I.  Threat of Irreparable Harm.

The parties stipulate that the "crucial element," irreparable injury, is met.  (*See* Stip. ¶ 5.)

The stipulation states that "[i]f the entries of subject merchandise entered during the [period of

review] are liquidated <u>prior to the completion of judicial review in this case</u>, [Plaintiffs] will

suffer irreparable harm." (*Id*. (emphasis added).)

## II.  Likelihood of Success on the Merits.

The stipulation states that Plaintiffs "believe[] that their action raises serious questions of

law regarding the correctness of [the United States Department of] Commerce's application of

adverse facts available," and regarding Commerce's failure "to provide notice to [Plaintiffs] as

required by an express regulation."  (Stip. ¶ 6.)  However, "Defendant disputes [Plaintiffs']

allegations," but "agree[s] that the liquidation of the entries should be suspended until <u>this Court</u>

has resolved the merits of [Plaintiffs'] complaint."  (Stip. ¶ 7 (emphasis added).)  Defendant

further states that "[s]hould [Plaintiffs] desire a further injunction pending any appeal, Defendant

would consider at that time whether to consent to a continued suspension of liquidation."  (*Id*.)

Defendant contends that "after this Court has determined the merits of [Plaintiffs'] Complaint, all

involved will be better situated to consider [Plaintiffs'] likelihood of success" on appeal.  (*Id*.)

To satisfy their burden of proving a likelihood of success on the merits, Plaintiffs are only

required to raise "serious, substantial, difficult and doubtful questions" regarding the agency's

determination.  *Ugine-Savoie Imphy v. United States*, 121 F. Supp. 2d 684, 689 (Ct. Int'l Trade

2000) (quoting *PPG Indus., Inc. v. United States*, 11 Ct. Int'l Trade 5, 8 (1987)).  First, Plaintiffs

allege that Commerce improperly applied adverse facts available, "insofar as [Commerce]

selected as adverse facts available the highest rate applicable to any respondent in a previous

review." (Pl.'s Mot. for Prelim. Inj. at 6; Stip. ¶ 6.)  Second, Plaintiffs allege that petitioners

failed to provide the required notice to PAM prior to the initiation of the administrative review

for this period of review as required by regulations.  (Pl.'s Mot. for Prelim. Inj. at 6; Stip. ¶ 6.)

These allegations are sufficient to satisfy Plaintiffs' burden of establishing a likelihood of success

on the merits.  The issues that Defendant raises regarding the duration of the preliminary

injunction are addressed in Part V below.

### III.  The Public Interest is Better Served by Issuing the Injunction.

The parties stipulate that "[t]he public interest will be served by granting the injunctive

relief requested by ensuring compliance with the applicable law and meaningful judicial review."

(Stip. ¶ 8.)

### IV.  The Balance of the Hardships Favors the Issuance of the Injunction.

The parties stipulate that "[a] balancing of the hardships in this action favors issuance of

the preliminary injunction <u>pending conclusion of proceedings before this Court</u>."  (Stip. ¶ 9

(emphasis added).)  Based upon the parties' stipulation and the arguments presented by

Defendant, this Court finds that the balance of the hardships favors the issuance of a preliminary

injunction until there is a final decision in the action under 19 U.S.C. § 1514a(e).  As discussed

below, in applying the plain language of the statute and the binding precedent of the Federal

Circuit, this Court affirms the Preliminary Injunction Order that was issued pursuant to 19 U.S.C.

§ 1514a(c)(2), which enjoins liquidation "during the pendency of this litigation."  (Prelim. Inj.

Order at 1, 3.)

**V.  The Duration of the Preliminary Injunction.**

*A.  Defendant's Contentions.*

In its Motion for Partial Reconsideration, Defendant asks this Court to vacate the Preliminary Injunction Order, which "revised the language describing the duration of the preliminary injunction," and "adopt the order [that was] proposed by the parties." (Def.'s Mot. at 3.)  Defendant asserts that "[t]he Government would not have consented to a proposed order that contained the language in the Court's order of March 15, 2004." (*Id.* at 4.)  Defendant concedes that "the Court determines the nature and content of its orders," but contends that the proposed order that was submitted with Plaintiff's Motion for a Preliminary Injunction had been "specifically negotiated." (*Id.* at 1-2.)  Defendant contends that the "specifically negotiated" language of the proposed order stated that liquidation would only be enjoined "during the pendency of this litigation in the United States Court of International Trade." (*Id.* at 3.)  Defendant contends that the Preliminary Injunction Order should be vacated because the "issuance of a preliminary injunction that extends throughout all appeals is inconsistent with the statutory framework." (Def.'s Br. at 2.)

First, Defendant claims that 19 U.S.C. § 1516a(c) "does not alter the fundamental principles of federal procedure and administrative law." (*Id.* at 3.)  Defendant notes that although "there have been recent decisions" in the Court of International Trade "to the contrary, virtually every circuit that has addressed the duration of preliminary injunctions agrees those injunctions dissolve upon judgment." (*Id.* at 3-4.)  Defendant asserts that "preliminary injunctions are interlocutory and, as such, are subsumed into the judgment." (*Id.* at 4.)

Second, Defendant claims that by enjoining liquidation through appeals, this Court "has

presumed Commerce's determination is incorrect." (*Id*. at 3.)  Defendant asserts that "it is well

settled that an agency's determination is entitled to a presumption of validity unless and until a

court decides that determination is invalid." (*Id.* at 4 (citing *Timken Co. v. Untied States*, 893

F.2d 337, 342 (Fed. Cir. 1990)).)  Defendant contends that "Congress did <u>not</u> intend to alter the

presumption of correctness at the onset of the proceedings" when it authorized this Court to issue

injunctions under 19 U.S.C. § 1516a.  (*Id*. at 5.)  Defendant contends that in issuing an injunction

at the early stages of litigation, the court "relies heavily upon the showing of irreparable harm"

because the court "has not had an opportunity at that early state to review the record or consider

the arguments upon the merits." (*Id.*)  Defendant contends that the presumption of correctness

demands that the plaintiff bear the burden of demonstrating that an injunction pending appeal

should be granted.  (*Id*. at 9.)  Defendant contends that issuing an injunction that continues

through the appeal process contravenes the presumption of correctness.  (*Id*.)  Defendant

contends that "it is incumbent upon the court to revisit the appropriateness of an injunction

pending appeal." (*Id.* at 10.)  Defendant contends that after the court has issued its decision on

the merits, the court "can better assess whether an injunction pending appeal is appropriate."

(*Id*.)

Defendant contends that if the Court of International Trade issues a decision that

"sustains the agency's determination," then the preliminary injunction dissolves because the

court found that "the agency's determination is presumptively valid." (*Id.* at 6.)  Defendant

asserts that if the Court of International Trade issues a decision that is "not in harmony" with the

agency's determination, then the preliminary injunction dissolves and liquidation is

<u>administratively</u> suspended until there is a "final court decision in the action." (*Id.* at 6-7 (citing

*Timken*, 893 F.2d at 341).)  Defendant contends that there is no basis for a preliminary injunction to continue when liquidation is administratively suspended because there is no showing of irreparable harm.  (*Id.* at 7.)

Defendant contends that the court has previously relied on "dicta" in the Federal Circuit's holding in *Fujitsu General America, Inc. v. United States*, 283 F.3d 1364 (Fed. Cir. 2002), to support its holding that preliminary injunctions continue throughout the appellate process.  (*Id.* at 10-12 (citing *SKF USA Inc. v. United States*, 2004 Ct. Intl. Trade LEXIS 14 (Ct. Int'l Trade Feb. 18, 2004); *Yancheng Baolong Biochemical Prods. Co. v. United States*, 277 F. Supp. 2d 1349 (Ct. Int'l Trade 2003)).)  Defendant contends that "*Fujitsu* did not address the dissolution of trial court injunctions."  (*Id.* at 10.)  Defendant contends that the liquidation of entries in *Fujitsu* was "administratively suspended, not enjoined."  (*Id.* at 12.)  Further, Defendant contends that the court's reliance on *Hosiden Corp. v. Advanced Display Manufacturers of America*, 85 F.3d 589 (Fed. Cir. 1996), is also misplaced because the court's decision in that case was "'not in harmony' with Commerce's determination; thus . . . liquidation was administratively suspended."  (*Id.* at 12.)

Third, Defendant contends that "[t]o the extent that [19 U.S.C. § 1516a] is ambiguous with regard to the duration of injunctions, this Court accords 'substantial deference to Commerce's statutory interpretation, as the International Trade Administration is the 'master' of the antidumping laws.'"  (*Id.* at 7 (quoting *Torrington Co. v. United States*, 68 F.3d 1347, 1351 (Fed. Cir. 1995) (in turn quoting *Daewoo Elecs. Co. v. Int'l Union*, 6 F.3d 1511, 1516 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1204 (1994)).  Defendant asserts that, "[c]onsistent with *Timken*, Commerce reasonably interprets injunctions issued pursuant to 19 U.S.C. § 1516a as dissolving

upon a trial court's decision upon the merits." (*Id*.) Defendant contends that Commerce's interpretation "gives meaning to the 'in harmony' and disjunctive language of the statute." (*Id*.)

Defendant asserts that Commerce's interpretation of 19 U.S.C. § 1516a "also reflects the important policy concerns that the issuance of an injunction extending through appeals raises." (*Id.* at 8.) Defendant claims that "[t]he wisdom of Commerce's legitimate policy choices is not subject to review." (*Id.* (citing *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 966 F.2d 660, 665 (Fed. Cir. 1992)). Defendant contends that there is a legitimate "danger of actions being filed simply to forestall, indefinitely, the administrative process." (*Id*.) Defendant contends that it is possible that "injunctions issued in cases involving negative determinations would remain in effect indefinitely . . . even though liquidation may not pose irreparable harm." (*Id.* (citing *Am. Lamb Co. v. United States*, 785 F.2d 994, 998 (Fed. Cir. 1986); *Am. Spring Wire Corp. v. United States*, 578 F. Supp. 1405 (Ct. Int'l Trade 1984)).) Further, Defendant contends that even plaintiffs who lack standing could "obtain[] injunctions that remain in effect throughout all appeals." (*Id.* (citing *Cambridge Lee Indus., Inc. v. Untied States*, 916 F.2d 1578 (Fed. Cir. 1990).)

*B. Plaintiffs' Contentions.*

Plaintiffs did not submit a brief in response to Defendant's Motion for Partial Reconsideration. However, it is noted in Defendant's Motion that "[c]ounsel for plaintiffs . . . has indicated [Plaintiffs'] opposition to this motion." (Def.'s Mot. at 2.)

ANALYSIS

The court has held that "it is well established that a motion for reconsideration should be granted, and the underlying judgment or order modified, when a movant demonstrated that the

judgment is based on manifest errors of law or fact." *Union Camp Corp. v. United States*, 53 F. Supp. 2d 1310, 1317 (Ct. Int'l Trade 1999) (citations omitted). This Court finds that Defendant has failed to demonstrate that this Court's Preliminary Injunction Order of March 15, 2004, is based on errors of law or fact.

This Court holds that the Preliminary Injunction Order, which enjoins liquidation until there is a final decision in the action, is consistent with the statutory scheme and the binding precedent of the Federal Circuit. This Court declines to adopt the language of the submitted order which attempts to limit the duration of the preliminary injunction to the proceedings before this Court because such limitation contravenes the plain language of the statute and would result in a waste of the litigants' time and judicial resources.

Plaintiffs made their application for a preliminary injunction pursuant to 19 U.S.C. § 1516a(c)(2). (*See* Pls.' Mot. for Prelim. Inj. at 4-5.) Plaintiffs' motion does not address the duration of the preliminary injunction. However, the duration of preliminary injunctions granted under § 1516a(c) is expressly addressed by Congress in § 1516a(e)(2): "entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with the final court decision in the action." 19 U.S.C. § 1516a(e)(2). The Preliminary Injunction Order issued by this Court on March 15, 2004, orders that "the entries subject to this injunction shall be liquidated in accordance with the final decision in the action as provided in 19 U.S.C. § 1516a(e)." (Prelim. Inj. Order at 2.) Although this Court possesses the power to issue injunctions of varying duration under its general equitable powers, the power to issue injunctions suspending liquidation until there is a "final court decision in the action" was specifically granted to the Court of International Trade in 19 U.S.C. § 1516a(c)(2).

As discussed in other opinions of the court, under § 1516a(c)(2), the Court of International Trade may issue preliminary injunctions which enjoin the liquidation of covered entries through the pendency of the action until all appeals have been exhausted. *See Yancheng Baolong Biochemical Prods. Co. v. United States*, 2004 Ct. Int'l Trade LEXIS 41 at *8-*10 (Ct. Int'l Trade April 28, 2004); *SKF USA Inc.*, 2004 Ct. Int'l Trade LEXIS 14, at*17-*43; *Yancheng Baolong Biochemical Prods.*, 277 F. Supp. 2d at 1357-64. If liquidation were not enjoined through all appeals, importers would suffer irreparable harm if the subject entries were liquidated prior to appeal because the appellate courts would be constitutionally powerless to remedy any improvident determinations by the trial court. *See Zenith Radio Corp.*, 710 F.2d at 810. As the courts have held, suspension of liquidation is necessary to provide plaintiffs with meaningful judicial review because "[t]he statutory scheme does not provide for either reliquidation or imposition of higher duties should a party later be successful on the merits." *SKF USA Inc.*, 2004 Ct. Intl. Trade LEXIS 14, at *40 (citing *PPG Indus.*, 11 Ct. Int'l Trade at 7)). "Once liquidation occurs, judicial review is ineffective and thus, 'allowing the liquidation to proceed would be tantamount to denial of the opportunity to challenge administrative determinations.'" *Id.* (quoting *PPG Indus.*, 11 Ct. Int'l Trade at 7)).

This Court must apply the binding precedent of the Court of Appeals for the Federal Circuit. Although Defendant labels the Federal Circuit's holding in *Fujitsu* as "dicta," (Def.'s Br. at 12), in reaching its conclusion in that case, the Federal Circuit clearly held that "there is not a 'final court decision' in an action that originates in the Court of International Trade and in which there is an appeal to the Federal Circuit until, following the decision of the Federal Circuit, the time for petitioning the Supreme Court for certiorari expires without the filing of a petition."

*Fujitsu*, 283 F.3d at 1379.  Further, in *Hosiden*, the Federal Circuit held that "[a] decision of the Court of International Trade that has been appealed 'is not a 'final court decision' within the plain meaning of § 1516a(e).'"  *Hosiden*, 85 F.3d at 591 (quoting *Timken*, 893 F.2d at 339).  "Statute and precedent are clear that the decision of the Court of International Trade is not a 'final court decision' when appeal has been taken to the Federal Circuit."  *Id.*

This Court is not persuaded by Defendant's various contentions that the statutory scheme requires the court to "consider anew whether injunctive relief pending appeal is appropriate" for injunctions issued pursuant to 19 U.S.C. § 1516a(c).  (*See* Def.'s Br. at 9.)  Section 1516a states that once the Court of International Trade has enjoined liquidation, liquidation remains suspended until there is a "final court decision in the action."  19 U.S.C. § 1516a(e).  As the court reasoned in *SKF USA Inc.*, "[t]he court . . . is not persuaded that the Plaintiffs, having met their burden of persuasion initially in order to receive the preliminary injunction, must again convince the court of its necessity in order to appeal the court's judgment."  *SKF USA Inc.*, 2004 Ct. Intl. Trade LEXIS 14, at *30.  This Court agrees that it is "incumbent upon the Defendant to persuade the court that the injunction is unnecessary and should be reconsidered or dissolved."  *Id.*[1]

Further, this Court is not persuaded by Defendant's arguments that the administrative

---

[1] This Court notes that this interpretation and application of § 1516a is consistent with the Court of International Trade's application of this statute since it was adopted by Congress in the Trade Agreements Act of 1979, Pub. L. 96-39, 93 Stat. 144.  *See Indus. Fasteners Group v. United States*, 495 F. Supp. 911 (Cust. Ct. 1980).  In *Industrial Fasteners*, the court stated that the plaintiffs' application for an injunction under 19 U.S.C. § 1516a was "a matter of novel impression."  *Id.* at 912.  The court granted the injunction "effective during the pendency of this litigation in the Customs Court and its appellate tribunals."  *Id.* at 913.  As the court stated, "plainly . . . if plaintiff were successful on the merits, and most certainly if plaintiff were not successful on the merits, plaintiff faced a perilous interval in the period after judgment rendered by the Customs Court and the taking of an appeal to the appellate tribunal."  *Id.*

process is in danger of being forestalled "indefinitely" if injunctions granted under § 1516a(c)(2) last through all appeals. (*See* Def.'s Br. at 8.) It is well established that "before issuing a preliminary injunction[,] inquiry must first be made as to the nature of the administrative determination under judicial consideration." *Am. Spring Wire*, 578 F. Supp. at 1408. Additionally, Defendant's arguments are not persuasive because there are other mechanisms in place for this Court or the appellate court to review the injunction should the circumstances indicate that the injunction is being used merely as a means to forestall the administrative process. *See, e.g.*, USCIT R. 60(b).

CONCLUSION

This Court denies Defendant's Motion for Partial Reconsideration and reaffirms the Preliminary Injunction Order issued on March 15, 2004, which enjoins liquidation of the subject entries until there is a final court decision in the action under 19 U.S.C. § 1516a(e).

&#95;&#95;&#95;/s/  Gregory W. Carman&#95;&#95;&#95;

Dated: June 10, 2004
      New York, New York